**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUIS ENRIQUE MEJIA,

               Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

Nos.  14-71461
       14-72750

Agency No. A044-287-827

MEMORANDUM*

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

In these consolidated petitions for review, Luis Enrique Mejia, a native and

citizen of El Salvador, petitions for review of the Board of Immigration Appeals'

("BIA") orders denying his motion to reopen deportation proceedings (No. 14-

71461), and denying his subsequent motion to reconsider (No. 14-72750). We

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen or to reconsider.  *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).  We deny the petitions for review.

The BIA did not abuse its discretion in denying Mejia's motion to reopen as untimely, where he filed the motion eleven years after his final order of removal.  *See* 8 C.F.R. § 1003.2(c)(2) (requiring motions to reopen not qualifying for an exception to comply with the general 90-day filing deadline).  Mejia failed to show the due diligence required for equitable tolling of the filing deadline and has not established that any statutory or regulatory exception to the filing deadline applies.  *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3) (setting forth exceptions to the filing deadlines for motions to reopen); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the alien exercises due diligence in discovering such circumstances).

Contrary to Mejia's contention, the government's decision not to oppose his motion to reopen does not render the motion exempt from the statutory time limitations.  *Cf.* 8 C.F.R. § 1003.2(c)(3)(iii) (providing for an exception to the filing deadline where the motion to reopen is "[a]greed upon by all parties and jointly filed").

The BIA correctly applied the appropriate legal standards, and provided a reasoned explanation for denying the motion to reopen. *See* 8 C.F.R. § 1003.2; *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)).

The BIA also did not abuse its discretion in denying Mejia's motion to reconsider its denial of his motion to reopen, where he did not establish any error of law or fact in the BIA's decision that warranted reopening. *See* 8 C.F.R. § 1003.23(b)(2).

In light of this disposition, we need not reach Mejia's remaining contentions regarding his eligibility for adjustment of status or a waiver, or whether the BIA should have weighed certain equities.

**PETITIONS FOR REVIEW DENIED.**